**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IRENE MURPHY, *et al.*, | : | |
| Plaintiffs, | : | No. 25-cv-6440-JMY |
| | : | |
| vs. | : | |
| | : | |
| PHH MORTGAGE, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                       June 8, 2026

Currently before the Court is a Motion to Dismiss Plaintiffs' Amended Complaint

(Motion to Dismiss, ECF No. 11) filed by Defendants PHH Mortgage and Ocwen Loan

Servicing, LLC (hereinafter collectively referred to as PHH Mortgage).[1]  The Court finds this

Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the

reasons set forth in this Memorandum, Defendants' Motion will be granted, and all claims

asserted in the Amended Complaint will be dismissed without prejudice to Plaintiffs' ability to

file a second amended complaint.

## I.    FACTUAL AND PROCEDURAL HISTORY:

Plaintiffs allege that on or about May 26, 2001, they entered into a loan and mortgage

agreement in the amount of Twenty-Six Thousand Four Hundred dollars ($26,400) ("Mortgage")

for the purchase of 2426 North Garnet Street, Philadelphia, PA 19140.  (Amended Complaint ¶¶

12, 24.)  Plaintiffs claim that a mortgage broker known as McGlawn, Inc. solicited them for this

---

[1]  Defendant PHH Mortgage alleges that Ocwen Loan Servicing, LLC, ("Ocwen") no longer
exists because it merged with PHH Mortgage Corporation and that following merger PHH Mortgage is
the surviving corporation.  (Motion to Dismiss page 1 footnote 1.)  Plaintiffs do nothing to refute this
claim, and they do not include any specific factual contentions regarding Ocwen's conduct in the
Amended Complaint.  (Amended Complaint.)  Therefore, PHH Mortgage and Ocwen Loan Servicing will
be treated as one single unified entity.

loan and Mortgage and acted as an agent of Delta Funding Corporation. (*Id.* ¶¶ 13-15.) Plaintiffs contend that McGlawn and/or Delta misrepresented the terms of the loan and mortgage agreement and targeted them based on their race and/or income level. (*Id.* ¶¶ 17-23.)

Plaintiffs specifically allege that from the years 2001 through 2019, they made payments on the Mortgage to PHH Mortgage in the amount of approximately sixty-nine thousand nine hundred and ninety-eight dollars ($69,998). (*Id.* ¶ 25.) Plaintiffs further allege that records maintained by PHH Mortgage indicate that they still owe a remaining balance of over twenty-one thousand dollars ($21,000) on the Mortgage. (*Id.* ¶ 26.) Therefore, Plaintiffs claim that Defendants deceptively, negligently, recklessly and/or intentionally misrepresented the late fees, penalties and other associated Mortgage costs which cause Plaintiff to pay more than double the amount of the Mortgage. (*Id.* ¶ 19.)

Plaintiffs allege that PHH Mortgage is the servicer for the Mortgage, and that it "engaged in unlawful collections of fees, interest and/or penalties associated with the Mortgage." (*Id.* ¶¶ 8, 25-27.) Plaintiffs also claim that PHH Mortgage "attempted to foreclose upon [them] to collect the alleged outstanding mortgage balance." (*Id.* ¶ 28.) Plaintiffs' Amended Complaint does not contain any allegations that PHH Mortgage was involved in any way in the origination of Plaintiffs' loan and Mortgage agreement or that PHH Mortgage entered into any type of conspiracy with the other Defendants.

Based on facts pled in the Amended Complaint and outline hereinabove, Plaintiffs proceed on five legal theories as follows: violation of the Truth-in Lending Act (*Id.* ¶¶ 29-34); violation of the Home Ownership and Equity Protection Act (*Id.* ¶¶ 35-42); violation of the Real Estate Settlement Procedures Act ("RESPA") (*Id.* ¶¶ 43-52); Fraud (*Id.* ¶¶ 58-65); and Conspiracy, Aiding and Abetting. (*Id.* ¶¶ 66-74.) With specific reference to PHH Mortgage,

Plaintiffs assert claims for violation of the Real Estate Settlement Procedures Act ("RESPA") (*Id.* ¶¶ 43-52), Fraud (*Id.* ¶¶ 58-65), and Conspiracy, Aiding and Abetting.  (*Id.* ¶¶ 66-74.)

## II.    LEGAL STANDARD:

A motion under Rule 12(b)(6) serves to test the adequacy of the factual allegations in the complaint.  To state a claim, a complaint must "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In other words, a complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  The Court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 227 (3d Cir. 2008).  Instead, a plaintiff must do more than just provide "labels and conclusions" or a "formulaic recitation of the elements."  *Twombly*, 550 U.S. at 555.  Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a complaint states a claim that "is plausible on its face," a court must engage in a two-step analysis.  *Id.*  First, the court should identify and disregard any "legal conclusions" contained in the complaint because such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim.  *Id.*  Second, the court must determine if the factual allegations set forth in the complaint are sufficient to state "a plausible claim for relief."  *Id.* at 679.  To satisfy the plausibility requirement, the plaintiff must:

> Plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id.* at 678.

In sum, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Yet, conclusory allegations are not facts, and a court need not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) ("In deciding a motion to dismiss, a court must take well-pleaded facts as true but need not credit a complaint's bald assertions or legal conclusions.").

## III.    DISCUSSION:

### A.    Plaintiffs' Amended Complaint Fails to State a Claim Against PHH Mortgage for Violation of the Real Estate Settlement Procedures Act ("RESPA"):

Plaintiffs allege that Defendant PHH Mortgage violated RESPA by failing to respond to their qualified written request. (Amended Complaint ¶¶ 43-52.) However, allegations in the Amended Complaint are insufficient to support the legal theory that PHH Mortgage violated RESPA because Plaintiffs failed to aver sufficient facts to establish that they made a qualified written request. RESPA requires mortgage loan servicers who receive a qualified written request for action or information from a borrower to respond and, if necessary, to act within statutorily-mandated periods of time. 12 U.S.C. § 2605(e)(1) – 2605(e)(2). RESPA defines a "qualified written request" as follows:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that --
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

The loan servicer must respond to a qualified written request within thirty days. 12 U.S.C. § 2605(e)(2). Failure to respond makes the loan servicer liable to the borrower for each

such failure in "an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [RESPA], in an amount not to exceed $2000." 12 U.S.C. § 2605(f)(1).  To state a claim under the qualified written request provision of RESPA, plaintiff "must, at a minimum, allege that the breach resulted in actual damages." *Jones v. Select Portfolio Servicing, Inc.*, No. 08-972, 2008 U.S. Dist. LEXIS 33284, at *9 (E.D. Pa. Apr. 22, 2008).  Plaintiff must also "allege a causal link between the alleged violations and the alleged damages." *Id.* at *10.

A review of the Amended Complaint reveals the deficient nature of allegations pled in support of the claim that PHH Mortgage violated the RESPA.  Plaintiffs aver that they "provided written communications disputing the balance and/or requesting information regarding: (a) application of payments; (b) assessment of fees; (c) principal balance; and (d) loan history." (Amended Complaint ¶ 51.)  Plaintiffs further aver that their "efforts constituted a notice of error under 12 C.F.R. §1024.35; and/or a request for information under 12 C.F.R. §1024.36."  (*Id.* ¶ 52.)  Plaintiffs go on to assert that "[despite their] best efforts, Defendant failed to: [c]onduct a reasonable investigation; [c]orrect the servicing errors; [p]rovide an adequate written explanation; or [p]rovide requested information within the statutory time limits.  (*Id.* ¶ 53.)

Allegations of PHH Mortgages' purported violation of the RESPA fail to establish when Plaintiffs claim that they made their qualified written request.  Plaintiffs equally fail to establish how their written inquiry was made and to whom it was addressed.  *Tichy v. Reinhart*, 2020 U.S. Dist. LEXIS 114627, *16-17 (M.D. Pa. June 30, 2020) (denying a motion for leave to amend to add a RESPA claim when plaintiffs admittedly forwarded their written inquiry by email instead

of to defendants mailing address).  This leaves open the question of whether their purported communication was sent by email, United States Postal Service, or other delivery service.

Plaintiffs failed to attach as an exhibit to the Amended Complaint a copy of the purported qualified written request that they allegedly made, so there is nothing for this Court to examine to determine if Plaintiffs inquiry meets the definition of a qualified written request under 12 U.S.C. § 2605(e)(1)(B).  Therefore, the Court is left to review allegations asserted in the Amended Complaint as set forth hereinabove which fail to establish that Plaintiffs purported written communication provided PHH Mortgage with notice of a dispute between the Parties.  For example, Plaintiffs fail to allege with any specificity how they believe that PHH Mortgage made an error in calculating the Mortgage balance or in managing the account.  Allegations in the Amended Complaint do nothing to establish what Plaintiffs felt was wrong, defective or in error about their account other than to claim that they owed more money on their mortgage than they thought they should.  *Capozio v. JP Morgan Chase Bank, NA*, No. 16-5235, 2017 U.S. Dist. LEXIS 184070, *11 (E.D. Pa. Nov. 7, 2017) (RESPA claim dismissed where plaintiffs' written communication failed to identify an alleged error or why plaintiffs believe there was an error.).  Plaintiffs also fail to identify with any specificity the information requested that PHH Mortgage failed to provide.

The Court finds that Plaintiffs' bald, conclusory, threadbare recitals of the elements of a cause-of-action are insufficient to establish that the Plaintiffs' alleged communication with PHH Mortgage constituted a qualified written request under 12 U.S.C. § 2605(e).  Therefore, Plaintiffs' RESPA claim against PHH Mortgage is dismissed from the Amended Complaint with prejudice.  *Benson v. AmeriHome Mortg. Co., LLC.*, 2025 U.S. Dist. LEXIS 119134, *9 (E.D. Pa. June 24, 2025) (Conclusory allegations are insufficient to state a claim for violation of the

RESPA.); *Alejandro v. Freedom Mortg. Corp.*, No. 22-900, 2022 U.S. Dist. LEXIS 155763, *14-16 (Pa. E.D. Aug 30, 2022) (Conclusory allegations are insufficient to state a claim for violation of RESPA.); *Andress v. Nationstar Mortg., LLC*, 2016 U.S. Dist. LEXIS 1837, *11 (E.D. Pa. January 6, 2016) (RESPA claim dismissed because, *inter alia*, Plaintiffs failed to plead facts connecting the alleged RESPA violation to the damages sought).

**B.      Plaintiffs' Amended Complaint Fails to State a Claim for Fraud against PHH Mortgage:**

Plaintiffs assert a claim for fraud against PHH Mortgage.  (*Id.* ¶¶ 58-65.)  However, their fraud based legal theory fails because they do not plead facts to establish that PHH Mortgage made misrepresentations or participated in misrepresentations made by others.  "In Pennsylvania, fraud consists of five elements: (1) misrepresentation, (2) fraudulent utterance thereof, (3) maker's intention that the recipient will be induced to act; (4) justifiable reliance by recipient on misrepresentation, and (5) damage to the recipient as a proximate result."  *Wenglicki v. Tribeca Lending Corp.*, 2009 U.S. Dist. LEXIS 63738, *6 (E.D. Pa. July 22, 2009).  Under Federal Rule of Civil Procedure 9(b), fraud must be pled with particularity.  *Id.* at 7.  Plaintiffs have failed to plead fraud with particularity with respect to PHH Mortgage because Plaintiffs do not claim that PHH Mortgage made any misrepresentations.  *See Klein v. General Nutrition Cos., Inc.*, 186 F.3d 338, 345 (3d Cir. 1999) ("Fed. R. Civ. P. 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements.").  Under Pennsylvania law, it is well-established that fraud is an intentional tort, and a defendant cannot be held liable for fraud without evidence that it made a statement, or that it authorized someone else to make a statement.  *First Capital Corp. v. Country Fruit, Inc.*, 19 F.Supp.2d 397, 401 (E.D. Pa. 1998) ("A person cannot be held liable for fraudulent misrepresentation unless he made the statement

himself, or authorized another person to make that statement, or in some manner participated in it.").

A review of the Amended Complaint reveals the deficient nature of allegations pled by Plaintiffs in an attempt to support the legal theory that PHH Mortgage committed fraud. The Amended Complaint is completely devoid of any factual allegations to establish that PHH Mortgage, as the servicing company, entered into the Mortgage agreement with Plaintiffs or that it was involved in negotiating the terms of the Mortgage agreement. Plaintiffs simply aver that "PHH as servicer of the Mortgage continued the fraudulent actions by enforcing the Mortgage's unlawful terms and practices." (Amended Complaint ¶ 65.) Therefore, this Court is of the opinion that Plaintiff has failed to plead fraud with the required specificity under Federal Rule of Civil Procedure 9(b). Furthermore, the Court will reject any attempt to suggest that Plaintiffs can establish a circumstantial claim for fraud by pointing to the fact that they allegedly owe twenty-one thousand dollars ($21,000) on a twenty-six thousand four hundred ($26,400) mortgage despite the fact that they purportedly paid sixty-nine thousand nine hundred and ninety-eight dollars ($69,998) towards the balance on the account.

Therefore, the legal theory of fraud brought against PHH Mortgage will be dismissed from the Amended Complaint without prejudice to the ability of Plaintiffs to reassert claims a new in a further Amended Complaint.

**C.**     **Plaintiffs' Amended Complaint Fails to State a Claim for Conspiracy and Aiding & Abetting against PHH Mortgage:**

Plaintiffs assert claims against PHH Mortgage that are based on legal theories of conspiracy, and aiding and abetting. (*Id.* ¶¶ 66-74.) However, these claims fail because Plaintiffs do not plead sufficient facts to establish that PHH Mortgage entered into a conspiratorial agreement with another individual, entity or Party. "Under Pennsylvania common

law, to plead a claim for civil conspiracy, [a plaintiff] must show that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." *Wenglicki v. Tribeca Lending Corp.*, 2009 U.S. Dist. at *18. A plaintiff "must also show malice." *Id.* The situation presented in the case *sub judice* bears similarity to the fact pattern in *Wenglicki* because the Amended Complaint "does not contain allegations sufficient to state a claim for conspiracy nor to put defendants on notice of the factual basis for this claim." *Id.* Therefore, the legal theories of conspiracy, and aiding and abetting are dismissed from the Amended Complaint without prejudice to the ability of Plaintiffs to reassert claims.

## IV.    CONCLUSION:

For these reasons, all claims asserted against PHH Mortgage that are set forth in the Amended Complaint are dismissed from this action without prejudice to Plaintiffs' ability reassert those claims. Plaintiffs will be granted leave to file a second amended complaint within thirty (30) days of the date that the Order accompanying this Memorandum is entered on the docket.

BY THE COURT:

   /s/ John Milton Younge
**Judge John Milton Younge**
